Good morning, your honor. Your opponent asked just yesterday not to come to arguments and I granted permission to do that. You may proceed. Thank you, your honor, and may it please the court. Good morning. My name is Clint Cowan and I'm here today on behalf of the aptly active environmental LLC active is a nationwide leader in the provision of residential pest control services. Active has discovered through many years of experience that there is no greater way to win new customers than through interacting in person and assessing the needs of a residence pest control services that need to be provided at that residence through door to door solicitation. Actives business depends heavily on door to door solicitation, which is a protected form of commercial speech. Municipalities that burden door to door solicitation, either through fees or through restrictions that exceed the First Amendment parameters have a direct and detrimental impact on active commercial speech rights, and on its business. Mr. Cowan, you would agree that the village may consistent with the First Amendment impose some kind of fee to cover its costs for doing background checks and administering the license system wouldn't you agree. We do agree, but there are important constitutional guardrails in place in order to impose a fee for licensing. The fee must be designed to defray, and not to exceed the actual administrative costs of the municipality. The municipality here said that it had no experience with this, it has very few, and I guess in recent years, none other than active commercial solicitors. And so, what would you say it needed to do at a minimum, because you know village doesn't have extraordinary resources to justify its fee did it have to do time and motion studies of its clerks. Did it just need to present a bill for the background check cost and do a brief study from the clerk who would review the no knock list and make offer better proof of the cost that is that the license is intended to defray what exactly did a small village like this need to do. At the very minimum, they should have spoken with the village clerk's office, which is the only office in charge of registering and administering the licensing program and registering solicitors, but the village concedes that it's that set this fee without even speaking with the village clerk together any data about the time spent in issuing licenses and doing the intake process, or in doing me that it seems to me that $200 is not an unreasonable number and indeed I think active agree to it and another with another village. And and so I mean what have they. And in the end, there is, I think there's some evidence in the record that even Mr Baldwin of active put in a declaration that says a background check, you know costs in the neighborhood of $100 so. Why isn't that sufficient. Well, Your Honor, two points on that the village is they're referring to a settlement agreement that happened in another case, but the village incorrectly asserts that active agreed to the $200 fee, that is not the case and the court may check docket number 26 and 27. In that case, it's active versus floral park, and the fee was not part of that settlement, and in fact it was passed over active objection, but to your honors larger question about the $200 fee being reasonable. It is not reasonable here because there was absolutely no research done about any of the villages costs prior to setting the fee. In fact, the village just wholesale copied and pasted the fee from another municipalities ordinance. Mr Cowan what what if, what if the litigation technique had been somewhat more refined in the village and they had actually produced evidence of a bill for current costs for a background check and an affidavit from the clerk saying I estimate take me about an I have great experience with this because we have none of these, but that's my estimate my salary is $123,000 a year, and that I them are paid $65 an hour, and therefore, you know, the costs related to my administrative time would be $100 with those two pieces of evidence have been enough in your view to sustain the constitutional obligations of the town. They would not in this case your honor because the village has already stated that there are four components that go into the fee. They also mentioned the cost of a background check, but they admit under oath that they have not done any research into what background check or how much that would cost. No, but I'm asking you though you know if they come back in a month and say, we've looked at this now we understand we had to do more research. Here's our evidence. Here's the the two estimates we got from background search companies, and here's the village clerks affidavit saying it's going to take me an hour. Would that be enough to sustain the villages burden to substantiate the reason for its $200 fee. We've seen no case within this circuit or outside of it, your honor that would sustain a fee retroactively going forward, going forward. If the village were to pass a new ordinance that had the same fee but came forward with all of the evidence that your honor mentioned to support all four categories of expenses, then I think that this would be a much tougher case for your honor to decide constitutional. But here we don't have those facts we have no evidence that the village considered any such costs and determining it's $200. So you may be entitled to damages looking back Oh go ahead, Judge Pooler please. You don't deny that there are some costs involved in licensing. People who go door to door in the village to you. You don't deny there are some costs. We think that, of course, there would be some costs associated with producing a license and with investigating people if there's a background check done. But the problem under the First Amendment here is that the village has not come forward with any evidence of what it considered and setting this $200 fee it's now trying to justify it retrospectively. Council you may not know this and it's extra record, but does have to do a background check on anyone, they send into a village like a shark away. It does your honor it background checks every one of its employees, and I believe it's background check fee is in the neighborhood of 45 to $50. I just asked another non record question which is, I was interested to see the lawsuit proceeding against the neighboring village. I wondered how many such lawsuits active has going actively at the moment. At the moment, this is the only solicitation lawsuit, of which I am aware. Active does business in thousands of cities across the country. And as your honor might be aware, many of those cities heavily restrict door to door solicitation in a way that is not consistent with the intermediate scrutiny standard under the First Amendment. So typically, what active will do is write a letter, explaining the case law and simply asking for the restrictions to be lifted, or the ordinance to be amended. And in almost every case, the municipality negotiates, and we reach a favorable solution without litigation. But there are a few villages in fact two of the litigation examples today are represented by the same attorney, in which the village was presented with the case law showing the unconstitutionality of its restrictions, yet refused to suspend them and and invited litigation in doing so. Well, in this case, you prevailed in that lawsuit that we're talking about floral park, aren't we. That is correct, your honor it was it was ended in a stipulated settlement, which did not include a fee. So the village continues to say that active approved of its $200 fee in another municipality that is just not the case and I would point the court to the docket in that case docket numbers 26 and 27, as evidence of that. No fee, that's what floral park negotiated a no fee whatsoever. We just negotiated the other terms of their ordinance there was never any discussion of what fee that they might impose certainly active didn't think that there would be a $200 fee imposed because there had never been any discussion about needing a background check, or how to send someone into a village like East Rockaway. Is it only one person that goes through all of these track away or is it more than one. It's typically a team, your honor, it might be a team of 10 or 20 individuals at various junctions during the summer. And so your honor can imagine how quickly these licensing fees add up. That's the question I'm asking, is it a licensing fee per person or per company. It is $200 per person and I'll note that it is per applicant. So an applicant is charged $200 regardless of whether that person even receives the license. If a background check turned up something bad that caused the application to be denied. That wouldn't mean that it was unreasonably spent. I mean, the fact that not every applicant is entitled to a license doesn't really tell me very much. Of course not your honor but among the categories of expenses the village is also asking for $50 of the 200 to go towards enforcement. And obviously if an applicant never receives a license he's never soliciting in the village, so there would be no enforcement costs associated with that applicant. Thank you. Your time has expired. You preserve no rebuttal since we don't have opposing counsel arguing, so we will take this case under advisement. Thank you very much, counsel.